IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORA JOHANSEN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) Case Number 21-50484 |
| | ) |
| COMBINED METALS OF CHICAGO, | ) |
| L.L.C. DBA ELGILOY SPECIALTY | ) |
| METALS | ) |
| DEFENDANT. | ) |

## COMPLAINT

Now comes Lora Johansen, by and through her attorney, The Law Offices of Robert T. Hanlon & Associates P.C. with her complaint against Combined Metals of Chicago, L.L.C. pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and the Age Discrimination in Employment Act, 29 USC §621, et seq to remedy acts of age and sex discrimination and in support of this complaint states as follows:

### Parties Citizenship

1) Plaintiff, Lora Johansen, is a female citizen of the State of Illinois and was 63 years old at the time of her termination from employment with defendant.

2) Defendant, Combined Metals of Chicago, L.L.C. does business as Eligiloy Specialty Metals and is situated at One Hauk road, Hampshire, Il 60140.

### Jurisdiction and Venue

3) This Court has jurisdiction over the matters in controversy in this case based upon Diversity Jurisdiction pursuant to United States Code 28 U.S.C. 1331 because the claims in this case arise under federal law and in particular, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and the Age Discrimination in Employment Act, 29 USC §621, et seq.

4) Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims in this Complaint occurred in this District and as discussed above, because Defendants are subject to the Court's personal jurisdiction in this District.

5) Plaintiff exhausted her administrative remedies by timely filing a complaint with the EEOC and obtained a "Right to sue Letter dated September 30, 2021.

6) Plaintiff was hired by Defendant in February 2005 and continued her employment with Defendant until June 2021.

7) During the 15 plus years plaintiff was employed she routinely received praise and satisfactory job performance reviews.

8) Plaintiff was discharged form her employment with defendant Combined Metals of Chicago, LLC DBA Elgiloy Specialty Metals.

9) Inn February 2017, Defendant issued a letter to its customers identifying that Lora Johansen had been with Defendant for 12 years and "covered the most demanding territory in the United States and the UK." Said letter further acknowledged her excellent service on behalf of Defendant.

10) In 2016, Plaintiff required medical treatment. As part of that treatment Plaintiff had to consume large quantities of liquids, which prompted a need to use the restroom when arriving at work.

11) Defendant alleged that the time spent in the bathroom in connection with her medical treatment was indicative of having not arrived timely for work for an infraction of just a few minutes, whereas younger workers were not disciplined for actually arriving late to work.

12) Defendant's other employees were not treated the same way for their minor infractions.

13) In each year Plaintiff received glowing reviews for her work performance.

14) Plaintiff was asked by both Mike Phillip and Nick Choban together in Mike's office in the later part of 2019 whether or not Plaintiff was planning on retiring soon and indicated If Plaintiff was retiring, they said they would like at least six ( 6 ) months notice to start training a replacement for Plaintiffs position.

15) During the course of plaintiff's employment, she received accolades for my strong work performance and good reviews listing my strengths.

16) In 2019, Nick Choban, Defendant's key manager, appeared to find Jackie Becker attractive. He mentioned on a company lunch outing while in the car with several employees, that he would like to see Jackie in her "Daisy Dukes".

17) Because of Plaintiffs Age, Nick Choban lacked the same sexual interest in Plaintiff.

18) Under Nick Choan's management, Mr. Choban commenced a "Boys Club where male employees were selected to interact socially with Mr. Choban.

19) The exclusion of Plaintiff of involvement in the "Boys Club" led to opportunities for male employees and the isolation of Plaintiff in her employment activities.

20) Plaintiff reported sexist and age discriminatory behavior to Kyle Sixt of Human Resources in person and he elected to do nothing.

21) Plaintiff used a purportedly confidential hotline set up by Defendant to report comments made concerning older workers as being incompetent because of their age and the it later became known to the employees that the confidential promise of the Hot line was a mere farce and contrived to get employees to make comments under the illusion that they would not be retaliated against for making a submission on the hot line as promised.

22) Even though the specific tasks were accomplished, and the Defendants acknowledged Plaintiff meet the expectations for timely entering orders correctly the first time.

23) In December 2020 (just six months prior to Plaintiffs Termination by Defendant) Defendants acknowledged that plaintiff did a great job and had zero departures from the expected performance. (i.e. perfect work).

24) Defendant used the pre-text of Covid as a basis for Plaintiffs termination.

25) However, Defendant did not suffer any substantial economic loss related to Covid.

26) Defendant obtained Covid funds from the Federal government in the form of a PPP loan and that loan was sufficient to remedy any Covid related loss.

27) During the return form the Covid work stoppage, Plaintiff's sales exceeded prior sales.

28) Therefore, the COVID reason for Plaintiff's termination was simply a pretext for the actual discriminatory intent.

29) Upon information and belief, Defendant hired younger worker to replace Plaintiff after her termination.

30) Younger and male workers were not subjected to the same treatment as plaintiff.

31) Plaintiff suffered damages in the form of loss of employment and economic harm in loosing benefits related to her employment.

Wherefore, Plaintiff prays this honorable court to award Plaintiff Damages in an amount to be determined at trial of this matter.

Dated: December 28, 2021            Respectfully submitted,

/s/Robert T. Hanlon
Robert T. Hanlon, Esq.
One of Plaintiff's Attorney

Robert T. Hanlon
131 East Calhoun Street
Woodstock, Illinois 60098
815-206-2200
robert@robhanlonlaw.com